IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FEDERAL DEPOSIT INSURANCE CORP.,

        Plaintiff,    Case No. 3:06 CV 1433

 -vs-

                <u>MEMORANDUM OPINION</u>

LONNIE J. AND SUSAN M. MILLER,
et al.,

        Defendant.

KATZ, J.

   This matter is before the Court on the motion of the Federal Deposit Insurance Corporation ("Plaintiff" or "FDIC") for summary judgment (Doc. 20).

**I. Background**

   Prior to February 1, 2002, Oakwood was a banking institution organized and existing under the laws of the State of Ohio. On February 1, 2002, the Superintendent of Financial Institutions for the State of Ohio closed Oakwood, and tendered to the FDIC its appointment as Receiver of Oakwood. Pursuant to 12 U.S.C. §1821(c), the FDIC accepted the appointment and has since acted as Receiver of Oakwood. Pursuant to 12 U.S.C. § 1821(d)(20)(A), the FDIC, as Receiver of Oakwood, is the holder of all assets of Oakwood, including the notes, mortgages, and security interests that are the subject of this lawsuit.

   From September 15, 1994 to January 17, 2002, Lonnie J. and Susan M. Miller ("the Miller's" or "Defendants") executed promissory notes to Oakwood in various amounts at various interest rates. After the close of Oakwood, the Miller's are alleged to have stopped paying the balances due on these notes. The Miller's do not deny the signing of seven of the notes, but they

dispute the amount owed. They claim the amount the FDIC is asking for is greater than the amount listed under the current balance of the loan history documents provided by the FDIC. The FDIC claims the amount to be higher because some of the payments credited to the Millers' account came from embezzled funds.

The FDIC brought this action against the Miller's to recover the balance owed on the principal and the interest accrued on these notes. The Miller's deny they owe the alleged amount. The FDIC moves for summary judgment, claiming there is no genuine issue of material fact in this case, because the Millers admit to signing the notes and they have not put forth any evidence to support their position that the amount owed is less than the amount sought. The Miller's claim there is a genuine issue of material fact as to the amount of money owed, because there is an issue of fact as to whether funds used for the payments on the notes were embezzled or not.

## II. Discussion

### A. Disputed Facts

Many of the major facts in this case are disputed. Plaintiff alleges the promissory notes signed by Defendants on September 15, 1994, January 1, 1997, and February 18, 2000 still have a current balance higher than the balance reflected on the loan history they provided, because some of the payments made came from embezzled funds and should not be credited towards Defendants' account. Defendants deny the higher amount claimed to be owed, and offer Plaintiff's own loan history records as proof that the amount owed is less than the FDIC claims.

Plaintiff alleges Defendants signed a promissory note on December 29, 1999 for $139,094.15. Plaintiff further alleges this entire amount plus interest is due. Defendants deny ever signing a note for this amount, but admit to signing a note in blank, which could be this note.

Plaintiff alleges Defendants signed promissory notes on December 29, 1999 and January 29, 1999 in the amounts of $5,050.00 and $24,683.36, respectively. Defendants deny any debt on these notes. Plaintiffs offer loan history documentation to prove these notes and debt. Defendants use the same documentation to show that the amount of the current balances on the notes is $0.00.

Plaintiff alleges Defendants signed promissory notes on September 21, 1998 and January 17, 2002 in the amounts of $12,991.00 and $20,035.00, respectively. Defendants do not deny they owe something, but they deny owing the amounts stated.

### B. Standard of review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principles of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). "The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor." *Montgomery v. Frank*, 796 F. Supp. 1062, 1065 (D. Mich. 1992). See *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

"The movant bears the burden of demonstrating the absence of all genuine issues of material fact." *Id*. See *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986).

> The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, 'the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case.'

*Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed. R. Civ. P. 56(e); *Gregg*, 801 F.2d at 861.

"To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue." *Id*. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); see also *Celotex*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

"The standard for summary judgment mirrors the standard for a judgment as a matter of law under Fed. R. Civ. P. 50(a)." *Montgomery*, 796 F. Supp. 1065 (D. Mich. 1992), See. *Anderson*, 477 U.S. at 250. "Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990), aff'd, 929 F.2d 701 (6th Cir. 1991).

**C. Genuine issues of material fact exists as to embezzlement of funds**

      1. Admissibility of certain evidence

The Federal Rules of Civil Procedure require that the moving party present evidence in support of its motion for summary judgment in a particular form. Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

In support of its motion for summary judgment, the FDIC offers the affidavit of Michael G. Cummins, one of its employees. The affidavit purports to be based on personal knowledge. In it, Mr. Cummins states Lonnie and Susan Miller signed a number of promissory notes with Oakwood. However, Mr. Cummins was not present during the signing of these documents, nor does he have the knowledge and expertise to identify Mr. and Mrs. Miller's signature. Therefore, Mr. Cummins could not possibly have personal knowledge of signing. What Mr. Cummins does have are the notes that Mr. and Mrs. Miller appear to have signed.

However, even though Mr. Cummins' affidavit regarding the Millers' signing of the notes is not based on personal knowledge, Mr. and Mrs. Miller admit to signing a certain number of these notes. Mr. Cummins' affidavit as to the signing of the notes need not be cited as evidence of the signing, because Mr. and Mrs. Miller admit to signing them.

Defendants also argue that the loan history documents for each note are not admissible into evidence because they are neither certified nor self-authenticating. Defendants claim these documents must be authenticated by one competent to identify them, and Mr. Cummins is not competent to identify them.

While Mr. Cummins was not present during the signing of the notes in question, he is an employee of the FDIC and handles the statements reflecting the status of the notes. Mr. Cummins may not have personal knowledge that the notes were in fact signed by Mr. and Mrs. Miller, but he does have knowledge as to what exactly the documents reflect. Mr. Cummins is in a position to authenticate the documents as being the loan history of notes apparently signed by Mr. and Mrs. Miller.

### 2. Disputed Facts

Plaintiff's motion for summary judgment is predicated on a question of fact: the current balance and amount owed on the promissory notes. Defendants agree they signed seven of the ten notes, but they dispute the balance owed thereon.

Plaintiff provides the signed notes and loan history of these notes, which the Defendants do not deny signing. However, what Plaintiff alleges Defendants owe and what the loan history that Plaintiff provides states, are disparate amounts. Plaintiff alleges Defendants owe $12,966.00 on the principal and $6,720.91 in accrued interest on the September 15, 1994 note. Doc. 20-2. The loan history provided by Plaintiff shows a current balance of only $8,373.63 on the principal and $1,048.14 in interest. Doc. 20-4.

Similarly, Plaintiff alleges Defendants owe $85,883.29 on the principal and $46,890.48 in accrued interest on the January 15, 1997 note. Doc. 20-2. The loan history provided by Plaintiff shows a balance of $7,355.94 on the principal and $4,834.37 on the interest. Doc. 20-5. On the September 21, 1998 promissory note, plaintiff alleges defendant owes $1,705.09 on the principal and $406.49 in accrued interest. Doc. 20-2. The loan history provided by Plaintiff shows a net balance of $0.00. Doc. 20-7. For the December 29, 1999 promissory note, Plaintiff alleges

6

Defendant owes $139,094.15 on the balance and $71,375.33 in interest. Doc. 20-2.  The loan history provided by Plaintiff shows a current balance as of February 1, 2002 as $68,004.82 on the principal and $8,855.88 in interest. Doc. 20-9.

Plaintiff alleges the amounts are higher than the loan history shows because some of the payments on the notes were made by Steven Miller utilizing funds embezzled from Oakwood Bank.  Defendants deny this allegation.  Plaintiff does not provide actual evidence beyond mere conclusive assertions that funds were embezzled to pay off loans.  Whether funds were embezzled constitutes a material fact, because it affects the amount owed on several of the notes.

The moving party has the initial burden of showing there are no genuine issues of material fact. The moving party need not necessarily show an absence of a genuine issue of material fact; rather, it may show there is an absence of evidence to support the nonmovant's case. Whether or not these payments should be counted towards the balance, and ultimately the amount of money Defendants owe Plaintiff is a question of fact, not a question of law.  Plaintiff points out that Defendants provided no evidence but their own affidavits to show the amounts alleged should be less.  However, Defendants did not need to provide such evidence because Plaintiff's own evidence contradicts itself.

In order for a plaintiff to satisfy the strict summary judgment standard, it must show there is no genuine issue of fact. Whether or not the funds were embezzled, thus leading to a right to discredit the payments made, is an issue of fact. A reasonable jury could find from the evidence that either the funds were embezzled or that they were not embezzled.  Only a jury can weigh the evidence presented to make that factual determination, not a court at the summary judgment stage.

**III. Conclusion**

7

For the reasons stated herein, Plaintiff FDIC's motion for summary judgment is hereby denied. (Doc. 20.)

IT IS SO ORDERED.

                                               s/ *David A. Katz*
                                              DAVID A. KATZ
                                              U. S. DISTRICT JUDGE